1
2
3
4
5
6
7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ZEPEDA, | Case No. 11-cv-2350-BAS(RBB) |
| Petitioner, | **ORDER:** |
| | **(1) OVERRULING PETITIONER'S OBJECTIONS;** |
| v. | **(2) ADOPTING REPORT AND RECOMMENDATION; AND** |
| F.E. FIGUEROA, *et al.*, | **(3) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | **[ECF No. 58]** |

20

On October 11, 2011, Petitioner Robert Zepeda, a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from a 10-year stipulated sentence imposed on July 23, 2010 for robbery and assault upon another with a firearm with a gang enhancement. On March 22, 2012, Petitioner filed a First Amended Petition ("FAP"). On January 2, 2014, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report") recommending that this Court deny the FAP. Petitioner filed objections to the Report.

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report in its entirety, and **DENIES** the FAP.

## I.    LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.  This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## II.   ANALYSIS[1]

Petitioner asserts five claims in his FAP: (1) Ineffective Assistance of Counsel; (2) "Guilty Plea Coerced"; (3) "Guilty Plea Not 'Intelligent'"; (4) "Sentence in Excess of Statutory Maximum not based on Jury Findings"; and (5) "Withdrawal / Vacate Plea."  In a thorough Report, Judge Brooks found that all of Petitioner's claims lacked merit and recommended that this Court deny the FAP in its entirety.  Petitioner objects

---

[1] The Court adopts and incorporates by reference all portions of the Report that Petitioner does not object to.  That includes the factual background presented in the Report.

to Judge Brooks' findings and recommendations as to all claims raised in his FAP. Respondent did not file a reply.

### A.    Claim One: Ineffective Assistance of Counsel

Petitioner presents three arguments in his objections in response to Judge Brooks' recommendation that the Court deny Petitioner's first claim: (1) Judge Brooks overlooked the affidavit of Elizabeth Ochoa, Petitioner's sister, in reaching his conclusion; (2) Judge Brooks erred in not allowing an evidentiary hearing; and (3) the state court failed to properly apply the "two-pronged 'cause and prejudice standard,' of *Strickland*," thus Judge Brooks' reliance on that opinion is erroneous.  (Pet'r's Objections 1:24–4:15.)  Upon reviewing Petitioner's claim *de novo*, the Court finds that Petitioner's arguments lack merit.

Beginning with Judge Brooks' consideration of Ms. Ochoa's affidavit, Petitioner is mistaken that the affidavit was not considered.  In the Report, Judge Brooks identified Ms. Ochoa's affidavit and found that the state court of appeals "weighed the evidence"—including Ms. Ochoa's statements—and rejected Petitioner's claim. (Report 16 n.5, 20:13–21:3.)  He further found that the factual determinations by the state courts were not objectively unreasonable.  (*Id.* at 20:13–21:23.)  Judge Brooks' references to Ms. Ochoa's statements demonstrate that he considered their impact in reaching his conclusion.  Therefore, Petitioner fails to persuade this Court that Ms. Ochoa's affidavit was not properly considered by Judge Brooks.

Judge Brooks also addressed Petitioner's request for an evidentiary hearing, concluding that Petitioner fails to carry his burden under *Townsend v. Sain*, 372 U.S. 273 (1963).  Petitioner's argument appears to presume that Ms. Ochoa's statements need to be produced through an evidentiary hearing, but Judge Brooks was aware of her statements stating that she saw Petitioner sign a blank plea agreement form.  (*See* Report 26:22–27:4.)  Judge Brooks also noted that Ms. Ochoa's statements conflict with the rest of the evidence in the record.  (*Id.*)  Given that the substance of Ms.

Ochoa's statements were known, Petitioner fails to show a compelling need for an evidentiary hearing, but more importantly, fails to demonstrate that Judge Brooks' conclusion was erroneous.

Finally, in arguing that Judge Brooks failed to properly apply a standard under *Strickland*, Petitioner actually attacks the validity of the state court of appeals' opinion. He contends that because the state court of appeals' opinion was "fundamentally flawed," Judge Brooks' reliance on it was erroneous. (Pet'r's Objections 4:5–16.) Petitioner fails to direct this Court to anything in the record that shows that the state court's reasoning was based on faulty reasoning. Thus, the Court rejects this argument as well.

Accordingly, the Court agrees with Judge Brooks' sound reasoning that Petitioner's first claim for habeas relief should be denied.

## B.    Claim Two: Coerced Guilty Plea

Petitioner contends that "it was clearly demonstrated that counsel had initially proposed a '9-year deal' to petitioner that is clearly omitted and *not being taken into consideration, in relation to the merits determination of the instant claim*." (Pet'r's Objections 4:17–5:16 (emphasis in original).) This contention suffers from the same defect identified by Judge Brooks in the Report—that Petitioner "does not explain what misrepresentations or coercive statements were made, or what terms counsel fails to disclose." (*See* Report 23:23–24:2.) There is nothing flagrantly coercive about initially presenting one deal, which after negotiation ultimately results in different terms for a final agreement. Without further explanation, the Court cannot conclude that there was any coercion in the development of Petitioner's plea agreement.

Therefore, the Court agrees with Judge Brooks' sound conclusion that Petitioner's "coercion claim lacks the necessary specificity required to present a federally cognizable claim." *See Foote v. Del Papa*, 244 F. App'x 74, 80 (9th Cir. 2007); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995).

## C.    Claim Three: Guilty Plea Not Intelligent

Petitioner appears to argue that his guilty plea was not knowing and intelligent because he was not advised of the "'direct-consequences of the plea,' in relation to the 'limitation of work-time credits, programs, registering as a gang-member, the denial of probation, and the opportunity to have a probation interview." (Pet'r's Objections 5:18–6:24.) However, Petitioner fails to provide any legal authority that requires such warnings.  To the contrary, there is "no fixed colloquy, no set of sequence or number of questions and answers, no minimum length of hearing, no Talismanic language that the judge is required to use." *Stewart v. Peters*, 958 F.2d 1379, 1384 (7th Cir. 1992); *see also Dietrich v. Czerniak*, No. 01-498-TC, 2007 WL 3046481, at *7 (D. Or. Oct. 7, 2007).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  Judge Brooks found that the record shows that Petitioner "understood the length of time he might possibly receive, [and] he was fully aware of his plea's consequences." (Report 31:12–33:8 (internal quotation marks omitted).)  Upon reviewing the facts, including the transcripts for the relevant hearings, Judge Brooks' conclusion is supported by the record, and Petitioner fails to direct this Court to any evidence or factual allegations in the record that suggest otherwise.

Excluding this unsubstantiated challenge, Petitioner does not present any other objections to Judge Brooks' Report as to his third claim.  Therefore, the Court agrees with Judge Brooks' conclusion that Petitioner's third claim should be denied.

## D.    Claim Four: Sentence in Excess of Statutory Maximum

Petitioner argues that Judge Brooks failed to apply the appropriate relevant law. (Pet'r's Objections 7:18–23.)  However, he fails to provide any analysis—either by providing the relevant legal authority, evidence, or factual allegations—justifying that

conclusion.  Thus, the Court rejects Petitioner's argument as conclusory.

Petitioner also argues that he was "severely prejudiced" by his admission to the "gang allegation," suggesting that this alleged prejudice warrants habeas relief. (Pet'r's Objections 8:12–9:8.)   But even assuming that Petitioner's legal premise is accurate—which is unclear if it is because he fails to provide relevant legal authority stating as much—Petitioner nonetheless fails to direct this Court's attention to any evidence or factual allegations that establish any form of prejudice to Petitioner. (*See id.*)

Accordingly, Petitioner fails to present any arguments that compel this Court to reject Judge Brooks' conclusion that Petitioner's fourth claim should be denied.

### E.    Claim Five: Choice of Counsel

The entirety of Petitioner's objection as to his fifth claim is as follows:

> Again, petitioner contends that the magistrate has erred in the evaluation of the aforementioend [sic] claim is clearly erroneous, petitioner relies on the arguments as presented in the initial writ petition, the traverse, and the attached exhibits. [¶].  Furthermore, the aforementioned error is *"structural"* in nature, and is not subject to harmless-error analysis.

(Pet'r's Objections 9:10–19 (emphasis in original).)   The Court interprets this as Petitioner stating that he believes habeas relief is warranted on the same grounds as the arguments that he presented for his other claims.  In light of the fact that this Court rejected those aforementioned arguments above, it must also necessarily reject this argument.

## III.   CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review, the Court concludes that Judge Brooks' reasoning in the Report is sound.  In light of the foregoing, the Court **OVERRULES** Petitioner's objections (ECF No. 65), **ADOPTS** the Report in its entirety (ECF No. 58), and **DENIES** the First Amended Petition (ECF

No. 7).

Moreover, because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, the Court **DENIES AS MOOT** Petitioner's separate pending motion for a certificate of appealability. (ECF No. 66.)

**IT IS SO ORDERED.**

**DATED: June 11, 2014**

**Hon. Cynthia Bashant
United States District Judge**

11cv2350